UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JEROME DERRELL ROBERTSON,

    Plaintiff,

    v.      CAUSE NO.: 3:18-CV-586-JD-MGG

CAPTAIN FLEECE,

    Defendant.

OPINION AND ORDER

Jerome Derrell Robertson, a prisoner without a lawyer, alleges he was denied proper mental health treatment while he was at the Grant County Jail. A filing by an unrepresented party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Robertson alleges when he arrived at the Grant County Jail on July 27, 2018, he had an anxiety attack and then suicidal thoughts. In response, he was placed on suicide observation in cell 1-A-5 by Corporal Persinger. The next day, after telling Captain Fleece about his anxiety attacks and suicidal thoughts, Captain Fleece removed him

from suicide observation and put him in cell 1-C, "the drunk tank" with other mentally ill inmates where he remained until July 30, 2018, when he was released from the jail.

In medical cases, the question is whether the defendant was deliberately indifferent to the plaintiff's serious medical need. *Estelle v. Gamble*, 429 U.S. 97 (1976). A medical need is "serious" if it is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Here, given that Robertson was on suicide watch and reporting that he continued to be suicidal, he has plausibly stated a claim against Captain Fleece for denying him medical treatment by taking him off suicide watch and placing him in a cell with other mentally ill inmates.

In addition, Robertson wants to sue Nurse Sullivan. He alleges he told Corporal Persinger he wanted to speak to Nurse Sullivan. He argues Captain Fleece should have referred him to Nurse Sullivan. He alleges Nurse Sullivan never spoke to or evaluated him. However, he has not plausibly alleged that Nurse Sullivan ever knew of his need for mental health treatment – much less that she was deliberately indifferent to his serious medical needs. Therefore Robertson has not stated a claim against Nurse Sullivan.

Finally, Robertson wants to sue Sheriff Nevels. He alleges Sheriff Nevels violated his rights by not having mental health staff on duty at the jail. Inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). However, a prisoner " is not entitled to demand specific care [nor] entitled to the best care possible." *Forbes v.*

*Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Neither does the constitution specify how medical care must be delivered. *Cf. Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012). Therefore Robertson has not stated a claim against Sheriff Nevels.

For these reasons, the court:

(1) GRANTS Jerome Derrell Robertson leave to proceed against Captain Fleece in his individual capacity for compensatory damages for denying him medical care from July 28, 2018, to July 30, 2018, by removing him from suicide observation and putting him in cell 1-C, "the drunk tank" with other mentally ill inmates in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Sheriff Nevels and Nurse Sullivan;

(4) DIRECTS the clerk and the United States Marshals Service, as required by 28 U.S.C. § 1915(d), to issue and serve process with a copy of this order and the Complaint (ECF 1) on Captain Fleece at the Grant County Jail; and

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Captain Fleece to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on November 26, 2018

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT