UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JEROME DERRELL ROBERTSON,

  Plaintiff,

  v.    CAUSE NO.: 3:18-CV-586-JD-MGG

CAPTAIN FLEECE,

  Defendant.

OPINION AND ORDER

Jerome Derrell Robertson, a prisoner without a lawyer, filed an amended complaint. A filing by an unrepresented party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

On July 28, 2018, while Robertson was on suicide watch at the Grant County Jail, he alleges he told Captain Todd Fleece he was suicidal. In response, Captain Fleece removed him from the suicide observation cell and put him in cell 1-C, "the drunk tank" where he remained until July 30, 2018, when he was released from the jail. In medical cases, the question is whether the defendant was deliberately indifferent to the plaintiff's serious medical need. *Estelle v. Gamble*, 429 U.S. 97 (1976). A medical need

is "serious" if it is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Here, given that Robertson was on suicide watch and reporting that he continued to be suicidal, he has plausibly stated a claim against Captain Fleece for denying him medical treatment by taking him off suicide watch.

In addition, Robertson alleges Captain Fleece did not issue him a stacker bunk, mattress, or personal hygiene kit. He does not say whether anyone else issued him any of those items. He does not say whether Captain Fleece or someone else at the Grant County Jail is responsible for issuing those items to inmates. He does not say whether he asked anyone else for those items. He does not say whether Captain Fleece ordered that he not receive those items. He does not say what hygiene items he needed but did not have. He does not explain where or how he slept for the two nights before he was transferred back to the custody of the Indiana Department of Correction. As written, the amended complaint does not contain sufficient facts to state a plausible claim with regard to the bunk, mattress, or hygiene kit.

A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that

all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

Finally, Robertson alleges he was not allowed to shower while in the "drunk tank" for two nights and three days. However, he has not alleged he had a specific need to shower and limiting inmates to weekly showers is not a constitutional violation. *Jaros v. Illinois Dep't of Corr.*, 684 F.3d 667, 671 (7th Cir. 2012). Therefore this allegation does not state a claim.

For these reasons, the court:

(1) GRANTS Jerome Derrell Robertson leave to proceed against Captain Todd Fleece in his individual capacity for compensatory damages for denying him medical care from July 28, 2018, to July 30, 2018, by removing him from suicide observation and putting him in cell 1-C, "the drunk tank" with other mentally ill inmates in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk and the United States Marshals Service, as required by 28 U.S.C. § 1915(d), to issue and serve process with a copy of this order and the Amended Complaint (ECF 11) on Captain Todd Fleece at the Grant County Jail; and

(4) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Captain Todd Fleece to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on January 24, 2019.

                                            s/JON E. DEGUILIO  
                                            JUDGE  
                                            UNITED STATES DISTRICT COURT