UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JEROME DERRELL ROBERTSON,

    Plaintiff,

    v.

CAPTAIN FLEECE,

    Defendant.

CAUSE NO. 3:18-CV-586 DRL-MGG

OPINION AND ORDER

Mr. Jerome Derrell Robertson, a prisoner without a lawyer, is proceeding in this case "against Captain Todd Fleece in his individual capacity for compensatory damages for denying him medical care from July 27, 2018, to July 30, 2018, by removing him from suicide observation and putting him in cell 1-C"—a "'drunk tank' with other mentally ill inmates in violation of the Eighth Amendment." ECF 28 at 1-2. Captain Fleece filed a summary judgment motion arguing Mr. Robertson failed to exhaust his administrative remedies. ECF 23. Mr. Robertson filed a response. ECF 32.

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). A "suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). A "prisoner who does not properly take each step within the administrative

process has failed to exhaust state remedies." *Id.* at 1024. "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must construe all facts and draw all reasonable inferences in the light most favorable to the non-moving party. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). Still, a party opposing a properly supported summary judgment motion cannot rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence [he] contends will prove [his] case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009).

Here, the parties do not dispute either the existence or terms of the grievance policy at the Grant County Jail. Neither do they dispute that Mr. Robertson did not file a grievance related to the claims raised in this lawsuit. The dispute here is whether Mr. Robertson knew about the grievance policy while he was at the Grant County Jail. Typically, "when administrative procedures are clearly laid out . . . an inmate must comply with them in order to exhaust his remedies." *Pavey v. Conley*, 663 F.3d 899, 905 (7th Cir. 2011).

A prisoner can be excused from failing to exhaust if the grievance process was effectively unavailable. *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). "A prisoner is required to exhaust only available administrative remedies and a remedy is not available if essential elements of the procedure for obtaining it are concealed." *Hurst v. Hantke*, 634 F.3d 409, 411 (7th Cir. 2011) (quotation marks and citation omitted). "When jail personnel mislead inmates about how to invoke the procedure the

2

inmates can't be blamed for failing to invoke it." *Swisher v. Porter Cty. Sheriff's Dept.*, 769 F.3d 553, 555 (7th Cir. 2014). So too if jail personnel do not tell an inmate about the grievance process.

In his declaration, Captain Fleece states, "Plaintiff Jerome Derrell Robertson was given a copy of this grievance policy upon being booked into the Grant County Jail." ECF 23-1 at 1. In his affidavit, Mr. Robertson states, "never was I issued jail rules my entire time of being at the Grant County Jail." ECF 32 at 7. There appears to be no other information that would establish the grievance's availability to Mr. Robertson; indeed, Mr. Robertson adds alternatively that he was "unable to access a grievance on the Kiosk." ECF 32 at 8. Filing a grievance on the Kiosk was a necessary part of completing the grievance process, were it available. *See* ECF 32-1 at 7.

These contradictory statements create a genuine triable dispute as to whether Mr. Robertson was informed of the rules for filing a grievance.[1] Based on the record before the court, the summary judgment motion must be denied. Resolving whether Mr. Robertson knew about the Grant County grievance procedures will require a hearing as explained in *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008). If Captain Fleece wants to continue to pursue the affirmative defense of failure to exhaust administrative remedies, he must ask for a *Pavey* hearing.

For these reasons, the court:

(1) DENIES the motion for summary judgment (ECF 22), and

(2) ORDERS Captain Fleece to file a notice within fourteen (14) days of this order either withdrawing the exhaustion defense or asking for a hearing pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008).

SO ORDERED.

August 30, 2019

*s/ Damon R. Leichty*
Judge, United States District Court

---

[1] Mr. Robertson also argues he filed a tort claim notice, but such a notice is not a Grant County Jail grievance. "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).