UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JEROME DERRELL ROBERTSON, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:18-CV-586 DRL-MGG |
| CAPTAIN FLEECE, | |
| Defendant. | |

OPINION AND ORDER

Jerome Derrell Robertson, a prisoner without a lawyer, proceeds under 42 U.S.C. § 1983 on an Eighth Amendment claim against Captain Todd Fleece for denying him medical care by removing him from suicide observation and putting him in cell 1-C, the "drunk tank," with mentally ill inmates. ECF 12. Captain Fleece moved for summary judgment. ECF 129. Pursuant to N.D. Ind. L.R. 56-1(f), he provided Mr. Robertson the Appendix C Notice, which explained (in part): "If you do not respond to the summary-judgment motion, you may lose this case." ECF 131 at 1. Mr. Robertson did not respond to the motion, despite asking for and getting an extension of time to do so. ECF 154. The motion is ready to be decided.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Not every dispute between the parties makes

summary judgment inappropriate; "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* In determining whether summary judgment is appropriate, the deciding court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010).

Mr. Robertson arrived at the Grant County Jail on Thursday, July 26, 2018, from the Westville Correctional Facility to attend a court hearing. ECF 129-1 ¶ 2. When he arrived at the jail, he stated he was suicidal and was placed on suicide observation. ECF 129-2 ¶¶ 2-3. The padded cell where suicidal inmates are typically assigned was fully occupied, and so the booking officer temporarily placed Mr. Robertson in a cell right in front of his desk and completed an incident report about the suicide threat for the jail medical staff. *Id.* ¶¶ 5-7. That cell did not have a restroom, and so on July 28, Captain Fleece moved Mr. Robertson to cell 1-C, a cell where other suicidal inmates were housed and that was continuously monitored by the control room. ECF 129-1 ¶¶ 9, 11, 13.

Once an inmate is placed on suicide watch, only medical staff can take the inmate off it. ECF 129-1 ¶ 16. Mr. Robertson was scheduled to be seen by medical staff on Monday, July 30, 2018. ECF 129-3 ¶ 7. However, he returned to Westville that morning before he could be seen. ECF 129-1 ¶ 17. He did not attempt suicide during this stay at the jail. *Id.* ¶ 18.

Mr. Robertson filed suit about his care as a suicide risk. ECF 11. Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v.*

*Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). On the subjective prong, the plaintiff must establish the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal quotation marks, brackets, and citations omitted).

Mr. Robertson was granted leave to proceed on a claim for money damages that Captain Fleece denied him medical treatment by taking him off suicide watch and housing him in the "drunk tank" with mentally ill inmates. ECF 12 at 1-2. The risk of suicide is a serious medical need. *See Lord v. Beahm*, 952 F.3d 902, 904 (7th Cir. 2020). However, the undisputed evidence shows that Captain Fleece was not deliberately indifferent to that risk. The evidence shows that he did not take Mr. Robertson off suicide watch, but rather moved him to a different cell with other inmates who were also being monitored for a suicide risk. Captain Fleece even points to an affidavit Mr. Robertson filed in which he admits that he was on suicide watch his entire stay at the jail. ECF 121 ¶ 7. Therefore, Captain Fleece is entitled to summary judgment on this claim.

Moreover, Mr. Robertson did not attempt suicide and alleges no other cognizable harm to support a claim for damages. "In order to succeed in a § 1983 suit, a plaintiff must establish not only that a state actor violated his constitutional rights, but also that the violation *caused* the plaintiff injury or damages." *Gabb v. Wexford Health Sources, Inc.*, 945 F.3d 1027, 1032 (7th Cir. 2019) (quotation marks and citation omitted). Trivial or nonexistent physical injuries with no accompanying psychological harm does not allow recovery of money damages under § 1983 for deliberate indifference to a serious medical need. *See Lord*, 952 F.3d at 905.

For these reasons, the court:

(1) GRANTS the defendant's motion for summary judgment (ECF 129); and

(2) DIRECTS the clerk to enter judgment in favor of the defendant and to close this case.

SO ORDERED.

March 4, 2021                                                                           *s/ Damon R. Leichty*
                                                                                                      Judge, United States District Court